# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOL H. PARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 15-00623-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

Randol H. Parks ("Plaintiff") challenges the Commissioner's denial of his applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") following an administrative law judge's ("ALJ") decision that he was not under a disability as defined in the Social Security Act. Administrative Record ("AR") 36. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

///

///

## II.

## PROCEEDINGS BELOW

On September 21, 2011, Plaintiff filed a Title II application for DIB, alleging disability beginning March 15, 1999 (his alleged onset date ("AOD")). AR 28. Plaintiff filed a Title XVI application for SSI on March 14, 2013, alleging the same AOD. *Id.* Plaintiff's DIB application was denied initially on February 17, 2012, and upon reconsideration on July 2, 2012. *Id.* On July 17, 2012, Plaintiff filed a written request for hearing, and an initial hearing was held on March 12, 2013. *Id.*[1] However, Plaintiff gave only limited testimony and the presiding ALJ continued the matter so additional records could be provided. *Id*. at 28, 362-64. A video hearing was subsequently held on June 4, 2013. *Id.* at 28. Represented by counsel, Plaintiff appeared and testified at the hearing, as did an impartial vocational expert ("VE"). *Id*. On June 18, 2013, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act,[2] from the AOD through the decision date. *Id.* at 36. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. *Id*. at 1-6. Plaintiff filed the instant action in this Court on April 1, 2015. Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the AOD. AR 30. At **step two**, the ALJ found that Plaintiff has the following severe impairments: status post right ankle fracture and left meniscus tear. *Id*. At **step three**, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or

---

[1] Plaintiff's SSI claim was escalated to the hearing level. AR 28.
[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. at 31 (citations omitted). At **step four**, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to "perform light work … except no climbing ladders, ropes or scaffolds; occasionally he can climb ramps and stairs; and frequently stoop, kneel, crouch and crawl." *Id*. The ALJ next determined that Plaintiff has no past relevant work, but then found, at **step five**, that there are jobs existing in significant numbers in the national economy that he could perform. *Id.* at 35. Thus, the ALJ found that Plaintiff was not disabled. *Id.* at 36.

### III.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."

*Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.

## DISCUSSION

Plaintiff argues that the ALJ erred in not properly considering his "borderline age situation" at step five of the sequential analysis with respect to his claim for SSI benefits under Title XVI. Joint Stipulation ("JS") at 4-9, 18. The Commissioner argues that the ALJ's decision was proper, as both the "regulations and controlling Ninth Circuit case law directly contradict Plaintiff's allegation of error." JS at 9-18.

At step five, ALJ must decide whether there are jobs that exist in significant number in the national economy that the claimant can perform consistent with any impairments or limitations found at step two. *Gonzales v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). The Commissioner bears the burden of proof at step five, *see Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995), and meets that burden: (1) through VE testimony; or (2) by reference to the Medical-Vocational Guidelines ("grids"). 20 C.F.R. §§ 404.1520(g), 404.1562; *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006); *Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir. 1999). The grids are matrices of four factors—physical ability, *age*, education, and work experience—identifying whether jobs requiring specific combinations of the factors exist in significant numbers in the national economy. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010), *cert. denied*, ––– U.S. –––, 131 S. Ct. 2882, 179 L. Ed. 2d 1189 (2011). "For purposes of applying the grids, there

///

are three age categories: younger person (under age 50), person closely approaching advanced age (age 50-54), and person of advanced age (age 55 or older)." *Id*.

The age categories are not applied "mechanically in a borderline situation." 20 C.F.R. § 404.1563(b). If a claimant is within a few days to a few months of an older age category and using that category would result in a disability finding, the ALJ must consider whether to use it. *Id*. An ALJ is not, however, *required* to use the older age category, even if the claimant is within a few days or a few months of reaching it. *Lockwood*, 616 F3d at 1071. The relevant age for purposes of deciding the outcome of a case is the claimant's age on the date of the ALJ's final decision. *See Durkee v. Astrue*, 2012 WL 3150587, at *6 (C.D. Cal. Aug. 2, 2012).

The ALJ's decision is dated June 18, 2013. AR 36. Plaintiff's date of birth is July 30, 1958. *Id*. Thus, on the date of the ALJ's decision, Plaintiff was 54 years old, or a "person closely approaching advanced age (age 50-54)." *Lockwood*, 616 F.3d at 1071; 20 C.F.R. § 404.1563(d). However, Plaintiff was also a mere 42 days from his 55th birthday on the date of the ALJ's decision. Had the ALJ's decision been made 42 days later, Plaintiff would have been a "person of advanced age (age 55 or older)." *Lockwood*, 616 F.3d at 1071; *see also* 20 C.F.R. § 404.1563(e). This is a borderline situation. 20 C.F.R. § 404.1563(b). Thus, the issue here is whether the ALJ properly considered Plaintiff's borderline age situation.

An ALJ need not make express findings and incorporate her findings into the decision, but there must be *some* evidence that the consideration requirement was satisfied.[3] In *Lockwood,* the Ninth Circuit found that there was enough evidence in

---

[3] In *Lockwood*, the Ninth Circuit expressly declined to decide whether the evidence needed to be in the ALJ's written decision, stating: "We need not and do not decide whether there must be at least some evidence in the ALJ's written decision that the ALJ considered the borderline age situation because, here, such evidence does appear in the ALJ's written decision." *Lockwood*, 616 F.3d at 1071 n.2. *But see Williams v. Colvin,* 2013 WL 2147856, at *2-3 (C.D. Cal. May 16, 2013) (relying on *Daniels v. Apfel,* 154 F.3d 1129, 1133 n. 5 (10th Cir. 1998) and *Kane v. Heckler,* 776 F.2d 1130, 1133–34 (3d Cir. 1985) to support the decision to "examine[] the

the ALJ's decision to conclude that the ALJ had considered the borderline age issue based on three factors. First, the ALJ mentioned the plaintiff's date of birth in her written decision, and found that the plaintiff "was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision." *Lockwood*, 616 F.3d at 1071-72. Second, the ALJ cited 20 C.F.R. § 404.1563, which prohibits the mechanical application of age categories in a borderline situation. *Id*. at 1072. Third, "the ALJ 'evaluat[ed] the overall impact of all the factors of [the plaintiff's] case' when the ALJ relied on the testimony of a vocational expert before she found [the plaintiff] was not disabled." *Id*. (citation omitted). In subsequent cases, district courts have generally relied on the *Lockwood* factors to determine whether there is enough evidence to find that the ALJ considered the borderline age issue. *See, e.g., Burkes v. Colvin,* 2015 WL 2375865, at *2 (C.D. Cal. May 18, 2015); *Guiterrez v. Colvin,* 2015 WL 881581, at *4 (E.D. Cal. Mar. 2, 2015); *McBride v. Comm'r of Soc. Sec.,* 2014 WL 788685, at *9 (E.D. Cal. Feb. 25, 2014); *Bustos v. Colvin*, 2013 WL 4500670, at *9 (E.D. Cal. Aug. 22, 2013); *Durkee,* 2012 WL 3150587, at *7.

Here, as in *Lockwood*, the ALJ mentioned in his decision Plaintiff's date of birth. AR 35. Unlike in *Lockwood*, however, the ALJ did not mention Plaintiff's age as of the date of his decision. *Id*. Instead, the ALJ stated that Plaintiff "was 40 years old, which is defined as a younger individual age 18-49, on [his AOD] and 41 years on his date last insured." *Id*. As in *Lockwood*, the ALJ's decision cites to 20 C.F.R. § 404.1563 (and 20 C.F.R. § 416.963), *id*., and generally "[w]e presume that ALJs know the law and apply it in making their decisions." *Lockwood*, 616 F.3d at 1072 n.3 (citation omitted). However, the Court notes that the citation immediately

---

ALJ's decision to see if it clearly demonstrate[d] that he considered the" borderline age issue, and remanding upon finding that there was "simply no indication in the decision that the ALJ was aware that a borderline situation existed"). Evidence in a *written* decision may not be an express requirement under *Lockwood*, but "under the plain language of § 404.1563(b) the ALJ need[s] to show … that she considered whether to use the older age category." *Lockwood*, 616 F.3d at 1072 n.4.

6

follows the ALJ's finding that Plaintiff was a younger individual as of his AOD and date last insured. AR 35. It is therefore not clear whether the ALJ cited 20 C.F.R. § 404.1563 to signal consideration of the borderline age issue or for the definition of "younger person" contained therein. *See Durkee*, 2012 WL 3150587, at *7.

As this court noted in *Durkee*, *Lockwood* is not explicit on the issue of how the ALJ's reliance on the VE's testimony showed that she considered the borderline age issue. *See id*. Even if *Lockwood* was explicit on that point, however, it is clear from the record here that the VE's testimony—combined with the ALJ's comments before the VE's testimony—*does not* show that the ALJ considered the borderline age issue. At the outset of the hearing, the ALJ stated that "[t]his is an application for Title II benefits only[.]" AR 42. Later, when Plaintiff's attorney informed the ALJ that a Title XVI application had been filed after the first administrative hearing and escalated to the instant hearing, the following exchange ensued:

> ALJ: I have no record of the Title XVI claim. This was given to me as a Title II only. Was he denied because of income purposes or some other reason?
> ATTY: No, I think there was no initial application.
> ALJ: Okay.
> ATTY: I didn't see any record in the file that it was filed.
> ALJ: Right. That's what I'm saying. I only have this as a Title II case.
> ATTY: So this is something I need to investigate.
> ALJ: And certainly any decision I make will not include any Title XVI ramifications and I'll be very specific about that one way or the other. But yeah, I can't address the Title XVI because it's not before me.

*Id*. at 45-46.

The ALJ then initiated his questioning of Plaintiff by stating:

> Mr. Parks, I'm going to start out and I'm going to just ask you some general background questions. Now, for the purposes of this hearing, the context is going to be between March 1999 and

> March of 2000. All right? So when I talk to you and ask you questions, I'm looking at that time frame because that is the time frame that I have to work with on the Title II claim.

*Id*. at 46; *see also id.* at 47-53, 56-59.[4] During that time period, Plaintiff was in his early 40's—far from his 54 years and 323 days as of the date of the ALJ's decision.

The VE was present during the hearing and heard both the ALJ's questions to Plaintiff and Plaintiff's responses thereto. *Id.* at 42, 59-60. When the time came for the VE's testimony, the ALJ told the VE to "bear in mind, we're talking at the time in question, this hypothetical individual would've been 40 to 41 years old." *Id.* at 60. The ALJ never asked the VE to consider a hypothetical individual within a few days to a few months of advanced age, or even to consider a hypothetical individual closely approaching advanced age—and the VE never suggested that her testimony was in regard to such an individual. *Id.* at 60-62. Thus, here, the ALJ's reliance on the VE's testimony *does not* show consideration of the borderline age issue because the VE's testimony concerned Plaintiff's vocational profile in the period relevant to Plaintiff's DIB application, not his profile on the date of the ALJ's decision.

On balance, the Court finds that there is not substantial evidence in the record to support finding that the ALJ considered the borderline age issue. Thus, remand, rather than an award of benefits, is warranted here for further development on that issue. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances); *Garrison v. Colvin,* 759 F.3d 995, 1016 (9th Cir. 2014) (before remand for an award of benefits, a court must find that the record is fully developed and further administrative proceedings would serve no useful purpose); *Durkee,* 2012 WL 3150587, at *8 (remanding, in part, for further consideration of the borderline age issue).

---

[4] The ALJ focused on March 1999 to March 2000 because Plaintiff met the insured status requirements of the Social Security Act through March 31, 2000. AR 30. To obtain DIB, a claimant must show he was disabled before his last insured date. *See Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 589 (9th Cir. 1998).

## V.
## CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: December 14, 2015

*Rozella A. Oliver*

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**